PEARSON, C. J., dissentiente.
On the trial it appeared that a cabin, the dwelling-house of one Judy Ross, was entered on the night of 8 April, 1859, and her meat, consisting of several pieces of bacon, forcibly taken from her. The entry was effected by getting on and going down the chimney, which appeared to be a structure of logs or sticks of wood raised to the height of a man's head (5 1/2 feet high), and covered over at the top with boards to prevent the rain from falling in and putting out the fire. The boards were removed by the defendant, and his entry then made by descending the chimney into the fireplace. It was also in evidence that the chimney had partially rotted down and was in a ruinous condition.
The defendant's counsel took the ground that the entering of the house through an aperture as above described was not burglary; but his Honor held the contrary, and so instructed the jury, Defendant's counsel excepted.
Verdict finding the defendant guilty. Judgment, and appeal.
Burglary is defined to be "the breaking and entering the dwelling-house of another in the night-time, with intent to commit a felony therein." Arch. Cr. Pl., 251; Bl. Com., 224; 3 Inst., 63. With regard to that part of the definition which relates to the breaking and entering, it was held anciently that if a man entered into (191) the dwelling-house by an open door, in the night, and stole goods therein, it was sufficient to constitute burglary. See Cro. Car., 65, 265; Crompt., 32a; 27 Assize, 38. But it soon after became the settled law that an entry by an open door or window, or any hole in the wall or roof of the house, was not a burglarious entry. 1 Hale Pl. Cr., 552; Kel., 67-70.
Lord Hale says that "It was held by Manwood, Chief Baron, that if a thief goes down a chimney to steal, this is breaking and entering (Crompt. fol., 32b); and hereunto agrees Mr. Dalton, page 253." 1 Hale Pl. Cr., ubisupra. The reason of this, he says, seems to be that *Page 149 
the chimney is as much shut as the nature of the thing will admit. All the elementary writers of any note, from that day down to the present, lay down the law in the same way, and assign the same reason for it. See 1 Hawk. Pl. Cr., Book 1, ch. 17, p. 131; 2 East Pl. Cr., 485; 3 Chit. Crim. Law, 1106; 2 Rus. on Cr., 3; 4 Bl. Com., 226; Roscoe's Cr. Ev., 256; Archibald Cr. Pl., 258a; Wharton Cr. Law, 1543.
The same rule, in 1821, received the sanction of all the judges in England. See Rex v. Brice, Russ and Ryan Cr. Cas., 450. The prisoner was convicted of burglary for entering, in the night-time, the chimney of a dwelling-house, with an intent to steal goods in the house. He was detected and apprehended before he had come down the chimney lower than a place just above the mantel-piece, and the question whether he had broken and entered the house was reserved for the opinion of all the judges. Ten of them, including the three chiefs, held the conviction to be right, and the other two dissented only because they thought that the prisoner could not be said to have broken and entered the dwelling until he was below the chimney-piece. From this we must necessarily infer that, had he descended below it, these two judges would have concurred in the propriety of the conviction.
So in this State it has been held that an entry by a chimney is a burglarious breaking. S. v. Boon, 35 N.C. 246.
In all this long and strong array of great authorities not a word is said about the height, size, or quality of the chimney; and it seems to a majority of the Court that any attempt to make a distinction between the different kinds of chimneys will be attended with (192) great difficulty, and lead to much uncertainty and confusion. Where will the dividing line be drawn? If the entry through a chimney in a certain state of decay, and only 5 1/2 feet high, is not a burglarious one, in how much better condition and how much higher must it be before the law will recognize it as a protection against nocturnal invaders? This is a question more easily to be asked than to be successfully answered. We are unwilling to undertake the task of answering it, and are content to hold that the chimney, as described in the bill of exceptions, was such an one as could not be entered by a thief in the night-time without committing the crime of burglary.